### TAKE et al. v. POWELL.

No. 19468. Opinion Filed Sept. 24, 1929.

W. H. Kisner, W. E. Foltz, O. B. Martin, Allen & Jarman, and B. C. Logsdon, for plaintiffs in error.

Vance & Bliss and Ames, Cochran & Ames, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Cherokee county in an action appealed from the county court of said county and wherein J. T. Powell, a former guardian of Louise Take and William Take was surcharged in certain sums for which he claimed credit in his final report as such guardian, and from which judgment A. T. Edmondson, as a present guardian, appeals.

The plaintiffs in error in due time served and filed their brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or otherwise appear in this court in this cause on appeal, nor has he offered any excuse for his failure to do so. Under this condition of the case, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the plaintiff in error files brief and cites authorities therein which reasonably support and sustain the assignments of error, reverse the judgment of the lower court in accordance with the prayer of the petition in error. City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481.

In this case, however, the petition in error prays the judgment be reversed, set aside, and held for naught and that this court render such judgment herein for the plaintiffs in error as should have been rendered by the trial court. It appears from the record in this case that the stenographic notes of the reporter who took the evidence in this cause have been damaged by fire and that much of the evidence introduced in the trial court is not transcribed in the record presented to this court and it is impossible for this court to review the record in this cause and reach a conclusion as to what judgment should have been rendered in the trial court. Under this condition of the record, this court will reverse the judgment appealed from and remand the case to the trial court for a new trial.

The judgment of the trial court from which this appeal is taken is therefore reversed and the cause remanded, with directions to grant a new trial in said cause.