## BAKER v. TERRELL et al.

No. 16077.  Opinion Filed Nov. 26, 1929.

J. E. Whitehead, for plaintiff in error.

T. M. McCombs, for defendants in error.

JEFFREY, C.  From the brief of plaintiff in error, it appears that this was a suit upon a promissory note in the sum of $2,000, and to foreclose a real estate mortgage given as security therefor.  Plaintiff alleges that she purchased from the Conservative Loan Company said note and mortgage for value before maturity and became a holder in due course.  The defendants admitted the execution and delivery of the note for a good and valuable consideration to the Conservative Loan Company, original payee, but denied that plaintiff was the owner of the paper, or that she was a bona fide holder for value before maturity; and further pleaded payment of the sum of $500 on the principal and certain payments of interest.  After issues were duly joined, the cause was tried and judgment rendered in favor of defendants, from which judgment plaintiff has appealed.

The plaintiff in error, in due time, served and filed her brief on February 25, 1926, in compliance with the rules of this court, but the defendants in error have from time to time been in default of a brief or pleading of any character.  They have secured a great number of extensions of time within which to file their answer brief; and are now in default, never having filed an answer brief.

This is the second opinion in this cause, the first opinion having reversed the judgment, with directions to render judgment in favor of plaintiff in error under authority of City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481.  Since the filing of that opinion defendants in error have made a showing tending to excuse their failure to file briefs.  In view of the showing made, and the additional circumstances in the case, a reversal of the judgment, with directions to render judgment against defendants in error, seems somewhat harsh, and not entirely a proper disposal of the appeal.

An additional circumstance in the case which must be considered is the absence of the petition in error and case-made.  These records appear to have been withdrawn by permission from the office of the clerk and thereafter lost.  There is no petition in error, from which this court might determine what relief is prayed, and there is no record by which this court might determine what judgment was, in fact, rendered, or what judgment should have been rendered.  Under these circumstances we think it more appropriate to the occasion to grant a new trial.  Take v. Powell, 138 Okla. 244, 280 Pac. 811.  This court, by virtue of the applicable statutes and rules, has a wide discretion in the disposal of causes on appeal, and, where justice and the occasion demand, may reverse and render or reverse and grant a new trial.  The judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

BENNETT, HERR, DIFFENDAFFER, and LEACH, Commissioners, concur.

By the Court:  It is so ordered.